Okay, the next case is number 1451-15, Dawson against the United States, Mr. Bercow, you are ready.  Good morning, Your Honor. I think the first point I'd like to make is that the trial court's decision essentially was that there can never be a regulation ever passed by anybody which requires an employee to be regular and non-intermittent, because by definition, according to the trial court, that would be invalid as conflicting with the intermittent statute. I don't believe that that could be the law or is the law. Well, that wasn't the point of the lower court's decision, was it? Wasn't the point of the lower court's decision is that the request that it felt was before it was simply a request for reclassification, which it doesn't have the authority to do? Well, first of all, it said – don't forget, it did say that the regulations were wrong. It does actually specifically say that in the decision, that the regulation was wrong because it intimated more than could be delivered. Right, but that was dicta, right? No, no. That was the foundation of the decision was that the regulation was wrong. That's the main point of his ruling. As far as whether or not there can be a reclassification, though, so we would say that absolutely, definitely there can. There's a money mandating regulation, and therefore the rule that there cannot be reclassification clearly does not apply. I mean, you have like maybe eight cases that say that. So to the extent that the trial court ruled, if you want to take what you suggested, that the ruling is that you cannot reclassify, that is simply wrong. I mean, if you look at Benvenino, which we cite repeatedly, it's directly on point. Well, the court can't reclassify. That was the court's decision. Well, Benvenino says it can. It says it's right on point. It's an absolutely clear cut that the Court of Federal Claims has jurisdiction, without a doubt, to reclassify as long as there's a money mandating statute or regulation. That's the exception to the Teston rule. Teston says very clearly—we submit to it, obviously—that a court cannot reclassify. But there's at least six or seven cases that I cite in my brief, Benvenino being the most recent, that says yes, but that's not true. That does not apply if there's a money mandating regulation. So the first question you need to ask yourself is, is there a money mandating regulation or source of entitlement? If there is, Teston has no application anymore. You're no longer under Teston. You're no longer dealing with the fact that the court cannot reclassify. It absolutely, 100 percent, can. And so you would be going against at least six or seven precedents that we cite to you, including Benvenino, which is recent, which say you can reclassify. So what is the remedy that you're requesting? The value of the paid vacation that was not paid? It's more than paid vacation, but the benefits, right, the benefits that were not paid. But the missing benefits were vacation time and— I think there's a few different benefits. They equal about $10,000 or $15,000 a year, or about 15 percent of his salary were denied him by the agency's action. It's annual leave, sick leave, and health benefits, right? Thank you very much. That were deprived. Right. I apologize. You're right. That's exactly what it is. But I do want to stress that you would be making new law and going against all sorts of precedents if you said you could not reclassify, that the court below could not reclassify, because there's case after case after case cited in my brief that says that's not true. Well, isn't really the distinction whether or not we are talking about a situation where someone comes in and asks for relief that is in the form of a reclassification versus someone that comes in and asks for relief saying my classification, my original classification was improperly changed? Isn't that the distinction that you're going to be making? Well, our claim is that he was appointed. The appointing regulations classify him, if you want to use that word, as a regular employee. Nothing the Veterans Administration in Palo Alto could do could change that. They don't have the power to change that. And so when they did purport to change that and stop paying him the benefits he was entitled to, that is not enforceable in the Court of Federal Claims. That's the distinction, right? What the Court of Federal Claims said, if you came in and you were classified as X originally, and you went into the Court of Federal Claims and I said I should have been classified as Y, the Court of Federal Claims is correct that they would not be able to reclassify in those circumstances. Absolutely. So the Court of Federal Claims holding was it didn't believe it had the authority to reclassify. What your argument is, as I understand it, is that I was classified as X originally, that I got reclassified, and that is an adverse personnel decision, and I should have the benefit of my original classification. Definitely. So that's different than being a reclassification. You're seeking back pay, right? Well, that's true. But the Court below classified, or called that a reclassification because they said the Veterans Administration classified him as intermittent, and that we were asking that he be put back. Right, and that's my point, isn't it? The Court of Federal Claims seemed to misunderstand the nature of the relief that you were seeking under the Back Pay Act. Yes, I think they did. I think the Court did. But the key point, though, is the appointing rate... I'm beginning to understand why they were confused, though, because you're not articulating it exactly as I just did, or you didn't originally. Well, our position has always been that the appointing regulations required him to be a regular employee, and that anything the Veterans Administration did to try to change that is unenforceable, and that we can enforce the original appointing regulations. And they trumped anything that the Veterans Administration did in Palo Alto. That has always been our position. So for you to prevail, we would have to conclude that the government agency had no right, no authority to reclassify the position under any circumstance. Is that right? Well, certainly under the circumstances that we have here. I don't want to speak to any possibilities, but they certainly, under the facts before you, they had no right to do what they did. And the money-mandating regulations trump anything that the Veterans Administration did in Palo Alto. And as I said before, if you're going to go against that, then you're just going to ignore five or six precedents that I cite in my brief, because that is clear cut law. The regulation that the government – that you're relying on the government says is – well, it says that an employee is eligible to get all these different benefits, and it doesn't use the word entitled to get all these different benefits. So I guess the point the government is trying to make is that maybe it's not – you don't have a clear cut right to get all these annual leave and sick leave under the regulations, that maybe you're in the game. You're in the arena where you could be eligible for it, but different circumstances might warrant not granting those benefits. Well, first of all, the trial court rejected that. The trial court specifically said that the government correctly withdrew that argument, although here we are back to it again. But the trial court rejected that. And we do cite several cases there as well that say it's true. Once you perform the duties that are required, you're no longer eligible. You're now entitled. In other words, when he gets hired, the day he's hired, he's eligible. But now he's performed the full work week and done what he's supposed to do, he's now entitled because he's performed all of the necessary prerequisites to get to be entitled. And don't forget also that there's a second regulation that says he earns annual and sick leave, not just eligible but earns. And also we put in our brief, OPM uses the word itself in this very example, uses the words eligible and entitled interchangeably. Because here they are. He was eligible for benefits, but once he performed all the work he was required to perform, he became entitled to it once he did that. And we cite several cases that discuss that as well. In fact, one case that discusses the fact that eligible and entitled are used interchangeably in some portions of a statute and other portions not. So you can be eligible and not entitled, but there becomes a point where you're eligible and entitled. And he reached that point because he did every single thing he was supposed to do in order to become entitled. He worked the job. He did what the appointing regulation said he had to. Now this is where we're not even at this stage yet because the court didn't get to this point. But if we were to assume that we found something over which the Court of Federal Claims had jurisdiction, if what you're just pointing out, all of those factual distinctions with respect to what he did or didn't do, are relevant to the analysis over whether there's jurisdiction, doesn't that affect your ability to pursue a class action? Well, no, because every single member of the class did exactly what he did. They all worked a regular schedule. So you have commonality. Everyone has the exact same issue. Every single person worked a regular schedule. Every single person was eligible for benefits and became entitled to them once they worked a regular schedule. Every single person earned annual and sick leave. By the way, what you would be holding if you agree with the trial court is the regulation states are eligible for annual and sick leave, but he ruled that they weren't. So that's directly contrary to what the regulation specifically says. To prevail, would you have to show, I realize it raises a tort issue, but you make much of the representation that your client was coerced into signing this document that changed his classification and either did not understand or if he did understand, had no choice but to sign it. In order to prevail, would that have to be established? Absolutely not. That's a second alternative holding. That's a second alternative basis. The first basis is... But then you'd have to say that there's no way that the government can reclassify a position. Well, yeah, that's true. The Veterans Administration in Palo Alto cannot violate the regulations. Yes, I say that. They cannot go against the regulations that were passed by the OPM. If the OPM passes a regulation that says you must be X, the Veterans Administration in Palo Alto cannot say, well, you're B, because there's a regulation that requires you to be X. So, yes, I am saying that. The regulation trumps anything the Veterans Administration tries to do in Palo Alto. Some agent or bureaucrat in Palo Alto does not prevail over a regulation that was passed pursuant to law, published in the Federal Register and passed. That trumps what the agency wants to do, which is illegal. It's a second thing, though. I do want to point out, though, there is a second totally separate issue, which is that he was downgraded and that that was illegal. And the trial court says, well, that's a claim in tort. But we're not claiming tort. We're claiming a right to a benefit from the appointed regulations that he was deprived of wrongfully. And the trial court cites Massey v. United States. But Massey says that the equitable jurisdiction to strike something that the agency did is allowed as long as it falls within 28 U.S.C. 1491b2, which this does. So the very cite that he makes to the very case he makes says, but there's an exception to the rule that you cannot except in strictly limited circumstances, Massey says. The court does not have equitable jurisdiction, but it says one of those strictly limited circumstances is something that fits within 28 U.S.C. 1491b2, which this case does. So even if you use his citation and the case that he cites, it says the same thing. It says what we're saying, which is that under these facts that they can. And what about Fisher? I mean, that's an in-bank decision of this court. They do exactly there what the trial court says you can't do. Are you familiar with Worthington v. United States? I didn't see you cite it, but it's a back pay act case from this court. I'm not sure I am. Is it in your brief? No, I'll ask the government about it. Do you think there's any distinction between the STEP program and the SCEP program? Not for purposes of what we're dealing with here. The government hasn't argued that, and we haven't argued that. So we don't see a distinction that matters here. Okay, let's hear from the government. You have some rebuttal time left, Mr. Burkow. Ms. Conner. Good morning, Your Honors, and may it please the Court. This case concerns whether the Court of Federal Claims has jurisdiction to grant the release that Mr. Dawson seeks, and as the trial court found in this case, the answer to that question is no. The basis of Mr. Dawson's claim is that he was improperly classified as intermittent, that classification should be changed, and that he should thus be granted the benefits of full-time employment. Let's say, for the sake of my question, that this is a valid claim. If there's no jurisdiction in this court as a claim against the government, where is the jurisdiction? Well, Your Honor, to the extent that Mr. Dawson is arguing that he should not be classified as intermittent, Mr. Dawson can go to OPM and request reclassification under the Classification Act. That would be the correct avenue for release or for requesting a reclassification. Except that they've classified it, so let's say that that's fruitless. We don't require people to take fruitless positions. I'm sorry, Your Honor. You're saying the only remedy available would have been to go to OPM? Supposing OPM says, go away, we've done our job. Where is he entitled to go for remedy? How about MSPB? Well, the nature of Mr. Dawson's allegations have, I think, evolved over time or shifted over time, but to the extent that Mr. Dawson is alleging that his reclassification was a downgrade, that would be a personnel action over which the MSPB would have jurisdiction. Or to the extent that he's arguing this was a coerced reclassification, he could potentially pursue a federal tort claims act at the district court. But the court of federal claims doesn't have jurisdiction over torts, it doesn't have jurisdiction over personnel actions, nor does it have jurisdiction to reclassify. Why not? He's not working there anymore. Reclassification isn't going to do him any good. He says, I was damaged. You made a mistake. You did something wrong. Make me whole. Where is the claim against the United States? Is it not? Well, Your Honor, the claim to be reclassified cannot go through the court of federal claims. Assuming he doesn't want to be reclassified. Assuming all he wants is to say, you shouldn't have downgraded me, you shouldn't have reclassified me, and I'm entitled to back pay under the Back Pay Act. Why isn't that an appropriate claim in the court of federal claims? Well, Your Honor, it's undisputed in this case that intermittent employees are not entitled to sick or annual leave. And so Mr. Dawson's claim that he would be entitled to those benefits despite his status. But he was originally appointed under express regulations that gave him those benefits. And then he was reclassified. This is not a situation where he was originally classified as an intermittent employee. He's claiming that that downgrade was an illegal act and that he's entitled to monetary reimbursement for the period under which he was suffering from that illegal act. Well, Your Honor, we would dispute that he was, that the downgrade or that the reclassification was, in fact, illegal. Mr. Dawson points to no regulation that requires a classification of anything. If we assume for the moment it's illegal, why wouldn't it be a downgrade? Well, Your Honor. It's like an adverse personnel action, an unwarranted personnel action, or whatever the buzzword is from the Back Pay Act. It's a negative thing to have happen to a federal employee once it gets its health benefits, annual leave, and sick leave taken away from it, right? That's a negative personnel action. Correct, Your Honor. Although it's a personnel action that the court lacks jurisdiction to change. In Segal v. United States, the Court of Federal Claims found that even if the employee was denied a higher classification illegally, the court cannot change that classification. He doesn't want to change the classification. He wants the damages because they misclassified him. Well, Your Honor, Mr. Dawson or intermittent employees are not entitled to those benefits of sick and annual leave that Mr. Dawson is seeking. So the essence of Mr. Dawson's claim must be that he requests the reclassification. And that's what the trial court found in this case. At bottom, Mr. Dawson's argument is that he should not have been classified as intermittent. And until he is reclassified, he is not entitled to those benefits. Mr. Dawson's obsessivity reflects the fact that he was, in fact, classified as intermittent, which is something that Mr. Dawson, Counselor Mr. Dawson, doesn't dispute. When I look at cases like the Tespan and Anderson and Todd from this court, they all seem to be, and they all said the Court of Federal Claims did not have jurisdiction. Those were all claims about an employee who was, you know, getting back to Judge O'Malley's earlier question, were at a certain level and the employee believed, after performing the work for a time, that the work deserved to be graded at a higher level and so therefore deserved some kind of promotion and also back pay for all those heightened services that the employee performed. And in all those cases, it seems like the courts have said, no, you can't have that because when we look at the Back Pay Act, the Back Pay Act requires some kind of negative personnel action to happen to an existing employee. And that seems to be a much closer fit to what happened here than all the facts of those other cases. I'm talking about Tespan, Todd, and Anderson. Do you see the distinction? Yes, Your Honor. The principle in Tespan is that you're not entitled to the benefits of a position until you've been appointed to it. Right. And here, the employee, Mr. Dawson, was appointed to a particular position that, right from the starting gate, entitled him, he was receiving, in fact, for years, the health benefits, the annual leave and the sick leave, until there was some kind of personnel action. I won't call it negative, but all those benefits were taken away. Well, yes, Your Honor. Mr. Dawson was originally classified to a full-time status and then he was reclassified to an intermittent status. But once he's been reclassified, then the principle in Tespan applies the same. He's not entitled to the benefits of a position to which he's not appointed. But it's not disputed that he continued to work the same hours, full-time, same job. Just he no longer had the benefits that went with the job when he was hired. Well, Your Honor, under a motion to dismiss, which is what was granted in this case, we assume for purposes of this decision that he was still working a regular schedule. All right. That's what we're assuming. That was what I asked you. Correct, Your Honor, yes. However, his status was as an intermittent employee, regardless of what hours he was actually working. This court in Anderson v. United States was also considering a claim of intermittent employees who were alleging that they were, in fact, working a regular schedule. But they were appointed as intermittent employees day one. Correct. There was no personnel action that changed their status. Correct, Your Honor. Although… Under your theory, what point would there be for the Backpay Act if no one can ever come to court? Well, Your Honor, it's not that no one could ever come to court. It's that you can't come to court to request to be judicially reclassified. But that's not what he's asking for. He's asking for money. Well, correct, Your Honor, he's asking for money only which would be entitled as if he were reclassified. An intermittent employee… He isn't asking to be reclassified. I'm sorry? He isn't asking to be reclassified. He says that he was wrongly declassified to remove his benefits. He's not an employee anymore, so reclassification isn't going to do him any good. Well, Your Honor, respectfully, although the court, although Mr. Dawson does not claim that he is asking for reclassification, what he is asking for is for his intermittent status to be changed from intermittent to full-time. Mr. Dawson does not contest the fact that he was, in fact, classified as intermittent. Maybe not from day one, but from February 1, 2009, he was classified as intermittent. He's just asking the court to change that classification is what the trial court here and the court in Teston says the Court of Federal Claims can't do. The FACT Pay Act doesn't say anything about reclassification or declassification, right? It just talks about unjustified or unwarranted personnel action. Well, in this case, Your Honor, the classification action is not unwarranted or unjustified. Mr. Dawson, although he states that there is a regulation which mandates that... Right, okay, I think you're shifting on me. Let's stay with my question, which is, they've alleged that there is an unjustified or unwarranted personnel action. That fits within the express terms of the FACT Pay Act. The FACT Pay Act doesn't say anything about reclassification or declassification, right? Well, correct, Your Honor, the FACT Pay Act doesn't address that specifically. The court in Anderson discussed the possibility of there being a statute that mandates a particular classification, but that's not the situation that we have here. There is no regulation for these employees which mandates any particular classification. The only regulation that Mr. Dawson cites to is 5 CFR 362, subsection 203G, and that... Well, if it doesn't mandate a particular classification, it certainly mandates particular benefits. Then why is he entitled to those benefits regardless of what you tried to call them? Well, Your Honor, the regulation doesn't mandate any benefits either. I think that there's two different regulations that we're talking about here. There's the regulation which Mr. Dawson alleges is money mandating, which is the 213-3202, which states that students are eligible for leave, but then there's the regulation which he alleges mandates a classification, 203, subsection G, which simply states that there are no limitations on the number of hours that an intern can work per week as long as any applicable laws and regulations governing overtime and hours of work are adhered to. Agencies and students should agree on a formally arranged schedule of work in school. That regulation does not mandate any classification, particularly a non-intermittent classification. What about the OPM Federal Register notice that says students are not amenable to intermittent employee status? Your Honor, that comes from OPM Frequently Asked Questions on their website. It certainly doesn't have the force of a regulation there. Is the government disclaiming that? I'm sorry? Are you standing in the shoes of the government today disclaiming what the OPM said when it said that students should not be hired or placed into intermittent employee status? I'm stating that the OPM information on their website doesn't have the force of a regulation mandating a classification. They said something on the website, but didn't they also say something in the Federal Register? In the Federal Register they discussed whether the Pathways Program, which was implemented in 2012, was intended to change the regulations that had previously been enforced and decided no, in fact, the program was supposed to continue as it was prior to 2012. But the only place in which intermittent status is discussed is in the Frequently Asked Questions. Those don't have the force of a regulation and do not mandate any particular classification. So even if under Anderson or under Teston there was an allowance for a regulation mandating a classification, that's not the situation that we have here. What about Worthington v. United States? That case that the Court of Federal Claims did have jurisdiction over that issue. Are you familiar with that case? It's about the compressed work schedule. A Federal employee was improperly placed into a compressed work schedule and the employee wanted overtime paid for that. Ultimately, this Court held that the Court of Federal Claims had jurisdiction over that, not the MSPB. Your Honor, I'm not familiar with that, although the Court would request a briefing and I'd be happy to address it. Do you want to request additional briefing, Mr. Worthington? No, thank you. If this Court were to find that Mr. Dawson seeks equitable relief or reclassification, the jurisdictional inquiry should be over and this Court should affirm the trial court. Unless the judges have any further questions, we request this Court to affirm the trial court. Okay, thank you. Mr. Cunning? Well, first of all, I believe she's inaccurate about what's in the Federal Register. I believe the Federal Register specifically refers, just like the website does, but it's right in the Federal Register as well, that they were asked. Agencies ask, can we classify people as intermittent, and they say, no, you can't. The program never intended to allow for intermittent employees. I believe that's right in the Federal Register. Even if it wasn't, it is right on their website as their explanation, and I talk about the various levels of deference. Of course, it's not a regulation, but it is entitled to some deference that they're stating that themselves in their own website. I would also point out that the government's counsel says, well, he could go to this LPM or the Merit Board, but in the trial court below, they said, we don't know where he can go, we just know he can't go here. That's essentially what they said, and it's not true that he can go to the MSPB. What he's claiming is not subject to their jurisdiction. Is it true that he's seeking reclassification, or is he not seeking reclassification? He's seeking the benefits of the position to which he was appointed. That's what he's seeking. I do want to point out, because there seems to be some doubt here, the principle for bidding judicial reclassification of federal employees has no application when the plaintiff's claim is based on a money mandating statute or regulation. That's from Bevino, citing Anderson, which is exactly what you have here. That's your case. It has no application. Otherwise, you're not going to follow those cases. My opposing counsel cites Siegel, but Siegel says exactly what I just said, which is, if there's no money mandating regulation or statute or source, there's no ability to reclassify. But otherwise, there is. They all say that. I cite to you six or seven cases where lieutenants are paid the wages of a higher level person, because that's how they were appointed. The whole thing here is the democratic process, really, when it comes down to it. The regulation which was passed through the democratic process says he's entitled to these benefits. Somebody in Palo Alto says he's not, which prevails. I think it's pretty obvious that the democratic process prevails over some rogue action by somebody in Palo Alto. And that's all we're talking about, is please enforce the promises that the government made in its regulations to him as to the understanding as to what the terms are of his employment. And for sure, without any doubt, putting that aside, when you were getting all these benefits, and then you're tricked or coerced, and now you're no longer getting them, if that's not an unwarranted or negative... You say you're not relying on trickery or coercion. Is that right? I'm saying no, that's a second alternative basis for liability here. The first basis, the primary basis, is that he was appointed based on regulations that says he's eligible for benefits once he performs the work he does, and that he earns benefits. End of story. But secondly, if you don't accept that, which would be going right against Bevivino and several other cases I cite, but if you don't accept that, then under Fisher, which is an in-bank decision of this court, then the improper reduction in his benefits and the reduction in his classification, if you want to call it that, is actionable in the Court of Federal Claims because it's an unwarranted reduction that he was tricked and coerced into. Okay, so I think we have the arguments. Thank you, Mr. Bercow. This carries. The case is taken under submission. Thank you.